UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 21-47968

COURTNEY DANIELLE JONES,                            Chapter 7

            Debtor.                                 Judge Thomas J. Tucker

_____/

**ORDER GRANTING FEE APPLICATIONS**
**(DOCKET ## 51, 53)**

This case is before the Court on the following fee applications:

1. The fee application of the Chapter 7 Trustee, in the document entitled "Trustee's Final Application for Compensation and Reimbursement of Expenses" (Docket # 51), seeking fees in the voluntarily-reduced amount of $2,253.04 and reimbursement of expenses in the amount of $75.00; and

2. The fee application of the attorneys for the Chapter 7 Trustee, entitled "First and Final Application For Order Approving Fees and Expenses for Attorneys for Trustee" (Docket # 53), seeking fees in the voluntarily-reduced amount of $5,262.16, and reimbursement of expenses in the amount of $171.88.

No one filed an objection to either of the fee applications. But the Court found it necessary to

hold a hearing on the applications, for the reasons stated in the Order setting the hearing. That

Order (the "Hearing Order") stated:

> The Court concludes that a hearing on the fee applications is necessary. The Court notes that the requested attorney fees, plus the requested Trustee fees, plus the special counsel fee previously approved in the amount of $15,015.19 (*see* Docket # 42) total $22,530.39, plus reimbursement of expenses. By comparison, it appears that the applicants' efforts benefitted the estate, at most, in the amount of $32,500.00 (the total non-exempt assets listed in the Trustee's fee application and Final Report). Thus, **the fees requested, if approved, would amount to approximately 69.3% of the amount collected with the assistance of applicants' services**.

The purpose of the hearing is to determine whether the requested fee amounts should be reduced, given the amount of the benefit to the estate in this case. *See, e.g., In re Randle*, 637 B.R. 7 (Bankr. E.D. Mich. 2022); *In re Meda*, 634 B.R. 946 (Bankr. E.D. Mich. 2021); *In re The Village Apothecary, Inc.*, 626 B.R. 893 (Bankr. E.D. Mich. 2021), *aff'd.*, No. 2:21-cv-10892, 2021 WL 2102598 (E.D. Mich. May 25, 2021), *aff'd.*, 45 F.4th 940 (6th Cir. 2022); *In re Allied Computer Repair, Inc.*, 202 B.R. 877, 887-89 (Bankr. W.D. Ky. 1996); 11 U.S.C. §§ 330(a)(2), 330(a)(3)(C), 330(a)(3)(D), 330(a)(3)(F), 330(a)(4)(A)(ii).[1]

Before the hearing was held, the applicants filed a brief in further support of the applications.[2] The Court then held a telephonic hearing. One attorney appeared, who acted as counsel for both of the fee applicants at the hearing. No one else appeared at the hearing. After the hearing, the Court ordered the applicants to file a supplement to the brief they had filed, and the applicants did so.[3]

The Court has carefully considered the fee applications, and all of the written and oral arguments and papers of the applicants in support of the fee applications, and the Court has considered all relevant parts of the record in this bankruptcy case. The Court finds the fees and expense reimbursement requests of the applicants to be reasonable, and the Court will grant the fee applications.

In this case, the estate's only asset with any value was an unliquidated claim arising from a pre-petition auto accident, and in order to realize any value from that asset, the Trustee had to agree to pay, and did pay, a one-third contingent fee and litigation expenses to special counsel,

---

[1] Order Setting Hearing on Fee Applications (Docket # 60) (footnote omitted) (emphasis added).

[2] Docket # 61.

[3] Docket ## 62, 64.

2

which ended up totaling $17,469.61 ($15,015.19 in fees plus $2,454.42 in expenses).  The Court

also is mindful that the Trustee had to pay the Debtor's allowed exemptions, in the total amount

of $15,000.00.  Paying these expenses and exemptions from the gross amount realized by the

Trustee from the settlement of the auto accident claim — $47,500.00 — left a remaining net

benefit to the bankruptcy estate of $15,050.39 (the "remaining net estate benefit").  The Trustee

and the Trustee's counsel have voluntarily reduced the fees they request substantially, to a total

of $7,515.20,[4] which is 49.9% of the remaining net estate benefit.  It is this percentage that the

applicants ask the Court to focus on, rather than the 69.3% percentage described in the Court's

Hearing Order quoted above.

The 69.3% percentage is relevant, and must be considered, but in cases like this, where

the Trustee had to hire special counsel on a contingent fee basis to liquidate a claim belonging to

the bankruptcy estate, the Court considers it a relevant factor that the total amount of the fees

requested by the Trustee and the Trustee's general counsel do not exceed 50% of the remaining

net estate benefit.  But this is only one factor, and it is not necessarily dispositive in determining

the reasonableness of fees.  The Court must consider all the relevant facts and circumstances in

each particular case in determining the reasonableness of fees requested.  Without limitation, this

includes the facts that, in this case, $5,030.39 was paid to secured creditors — medical provider

---

[4]  The Trustee's fee application calculates that his maximum fee under 11 U.S.C. § 326, based on an estate asset distribution total of $32,500.00, is $4,000.00.  (*See* Trustee's [Fee Application] (Docket # 51) at 1).  The Trustee has voluntarily reduced his requested fee to $2,253.04, ***a 43.7% voluntary reduction***.

The Trustee's counsel's fee application calculates a lodestar fee amount of $10,023.50, as shown by the fee itemization.  (*See* Docket # 53 at pdf pp. 1, 10, 12-16).  The Trustee's counsel has voluntarily reduced its requested fee to $5,262.16, ***a 47.5% voluntary reduction***.

3

creditors holding liens in the Debtor's PIP claim — and the unsecured creditors will receive a dividend of 38.6% of their allowed claims, if the fee applications are granted in the requested amounts.[5]

In considering all the relevant facts and circumstances in this case, and applying the factors and considerations under 11 U.S.C. §§ 326 and 330(a), the Court finds that the voluntarily-reduced fees requested by the Trustee and the Trustee's counsel are reasonable, and should be allowed.

For the reasons stated above, the Court will grant the fee applications in this case, in the voluntarily-reduced amounts requested. Accordingly,

IT IS ORDERED that the fee application the firm of OSIPOV BIGELMAN, P.C., counsel for Chapter 7 Trustee, Timothy J. Miller, Esq. (Docket # 53) is granted, and that firm is awarded fees in the amount of $5,262.16 and reimbursement for expenses in the amount of $171.88, in connection with services rendered from November 9, 2021 through March 1, 2023.

IT IS FURTHER ORDERED that the Trustee's fee application (Docket # 51) is granted, and that Trustee's compensation in the amount of $2,253.04 and expenses in the amount of $75.00 are awarded to Timothy J. Miller, Trustee.

**Signed on May 30, 2024**



/s/ **Thomas J. Tucker**
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[5] _See_ Trustee's Final Report (Docket # 54) at pdf pp.1, 6, 12.

4